## SLATER SMITH et al. v. STATE.

No. A-5565. Opinion Filed May 22, 1926.
(246 Pac. 661.)

James W. Smith, for plaintiffs in error.

The Attorney General, for the State.

DOYLE, J. On information charging that on or about the 1st day of June, 1924, "Slater Smith and Tom Pickelsimer did then and there unlawfully and willfully transport and convey certain spirituous liquors, to wit, wine from some place in the state of Oklahoma, unknown, to a place on the west side of the public road about 150 yards north of the residence of Paul Warnke, in Washita county, contrary to," etc., a jury was waived, on the trial before the court they were found guilty and sentenced each to pay a fine of $50 and be confined in the county jail for 30 days. To reverse the judgments they appealed. It is contended in this court that the verdict is not supported by sufficient evidence and that it is contrary to law.

The first witness for the state, Hattie Warnke, age 15 years, testified that she lived with her parents about a mile north of Canute and saw these boys in a car; that they stopped the car about 100 or 150 yards north of her house, and one got out of the car and went out in the weeds and had something in his hand, then returned to the car, and they drove off, and in about 5 or 10 minutes they returned, and Mr. Hibbits, was there hiding in the brush; that she did not know what these boys had; that people were passing along the road nearly all the time.

Newt Hibbits, deputy sheriff, testified that he lived a quarter of a mile from Warnke's. That he was in a little patch of willows about 40 yards north of Warnke's and these boys came along, stopped the car on the road opposite where he was watching "a little piece of a jug of wine." Slater killed the engine and they looked at it, then walked over to where he was in the woods. That he spoke to them, and they said they stopped to take a leak and said they did not know anything about the jug. That he arrested them and brought the jug to the sheriff's office and labeled it. Asked what it contained, answered:

"Some kind of wine; I cannot state just what the fruit was."

Harve Deen, sheriff, testified that he received the jug from Hibbits. Asked what it contained, answered: "Well, it smelt like wine; that is what I would call it."

When the state rested, the defendants demurred to the evidence and moved the court to discharge them for the reason that the evidence is insufficient to show the commission of an offense, and for the further reason that, under the law (section 7002, C. S. 1921), it is not an offense to make unfermented wine, and the proof fails to show that the alleged wine was spirituous liquor, which motion was overruled. The defendants each testified and each denied ever having possession of the jug or its contents.

John Gunter testified that he lives north of Canute and was traveling along the road and passed a car stopped north of Warnke's. The boys were standing by the side of the car. One had a glass jug in his hand and walked over behind some willows. That he had known the defendants all his life and they were not the persons standing near the car.

The statute (section 7002, C. S. 1921) declares certain liquors intoxicating. No proof of an alcoholic content is necessary when it is made to appear that the liquor in question is one of the class enumerated. The proviso reads:

"Provided, however, that the provisions of this chapter shall not apply to the manufacture and sale of unfermented cider and wine made from apples, grapes, berries or other fruit grown in this state."

As to the competency and sufficiency of the testimony to establish the fact that the contents of the jug was intoxicating liquor, it will be observed that there is no direct or competent evidence that the same was fer-

mented wine, and for this reason the state failed to prove that the liquor in question was within the class enumerated. To prove the fact of transportation the state relied on circumstantial evidence alone. Under the rule in such cases that the facts relied on must be incompatible with the innocence of the accused and incapable of explanation upon any other reasonable hypothesis than that of guilt to justify a conviction, and in view of the fact that one disinterested witness positively testified that he saw other parties place the jug where it was found, we think the evidence was insufficient to support the findings and the judgment of the trial court.

The judgment is therefore reversed.

BESSEY, P. J., and EDWARDS, J., concur.